| | |
|---|---|
| BERENICE BOLANOS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-00970 |
| KOHL'S DEPARTMENT STORES, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** BERENICE BOLANOS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of KOHL'S DEPARTMENT STORES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Waukesha County, Wisconsin, which is within the Eastern District of Wisconsin.

1

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 and a natural "person," as defined by 47 U.S.C. §153(39).

5.   Defendant operates department stores and offers store credit cards to consumers throughout the United States. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   Prior to December 2019, Plaintiff obtained a line of credit from Defendant in order to finance the purchase of personal goods.

9.   Thereafter, Plaintiff fell behind on her scheduled payments, thus incurring debt ("subject debt").

10. Around the January 2020, Plaintiff began receiving calls to her cellular phone, (915) XXX-3849, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3849. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Immediately after the calls began, Plaintiff answered a call from Defendant. During this call, Plaintiff was subject to a prerecorded message before being transferred to a representative of

Defendant. Plaintiff then informed Defendant she was unable to make a payment, that she had an attorney, and requested that Defendant cease calling her.

13. Defendant has primarily used the telephone numbers (210) 346-2817, (262) 704-9780, and (903) 593-0589 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, the above-referenced phone numbers ending in -2817, -9780, and -0589 are regularly utilized by Defendant during its debt collection activities.

15. During answered calls from Defendant, Plaintiff has been subjected to a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

16. Defendant has also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

17. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

18. Despite Plaintiff's demands, Defendant continued to relentlessly place phone calls to Plaintiff's cellular phone up.

19. Plaintiff has received no less than 81 phone calls from Defendant since demanding that it stop contacting her.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional

3

distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<h3 align="center">COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</h3>

23.   Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant has also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

27. Defendant violated the TCPA by placing at least 81 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without her consent.  Any consent Plaintiff may have

4

given to Defendant by virtue of incurring the subject debt was explicitly revoked by her demands that it cease contacting her.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, BERENICE BOLANOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

32. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

33. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

5

### a. Violations of RFDCPA § 1788.17

34. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i. Violations of the FDCPA §1692c and §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of her demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of the FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

6

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her after Plaintiff demanded that it cease contacting her.

### iii. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. Defendant willfully and knowingly violated the RFDCPA. Defendant continued to call Plaintiff's cellular phone after Plaintiff specifically asked it to stop contacting her. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

44. As plead in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

7

**WHEREFORE**, Plaintiff, BERENICE BOLANOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: June 27, 2020                              Respectfully submitted,

                                                  *s/Alexander J. Taylor*
                                                  Alexander J. Taylor, Esq.
                                                  *Counsel for Plaintiff*
                                                  Admitted in the Eastern District of Wisconsin
                                                  Sulaiman Law Group, Ltd.
                                                  2500 South Highland Ave, Suite
                                                  Lombard, Illinois 60148
                                                  (331) 307-7646 (phone)
                                                  (630) 575-8188 (fax)
                                                  ataylor@sulaimanlaw.com

8